OPEN MEETING LAW — COUNTY HOSPITAL The governing board of the LeFlore County Memorial Hospital cannot hold a private "closed" meeting to discuss the appeal from a local physician who has been denied the right to see patients in the hospital. Any such meeting must be an open meeting under the provisions of Section 201. The Attorney General has considered your request for opinion wherein you, in effect, ask the following question: Whether the governing Board of the LeFlore County Memorial Hospital can hold a private "closed" meeting to discuss the appeal from a local physician who has been denied the right to see patients in the hospital? Title 25 O.S. 201 [25-201] (1971), states: "All meetings of the governing bodies of all municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all other boards, bureaus, commissions, agencies, trusteeships or authorities in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, must be public meetings, and in all such meetings the vote of each member must be publicly cast and recorded. "Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee; provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded. "Any action taken in violation of the above provisions shall be invalid. "Any member of the Legislature appointed as a member of a committee of either branch of the Legislature or joint committee thereof or a committee of the State Legislative Council shall be permitted to attend any executive session of any state agency, board or commission authorized by this act whenever the jurisdiction of such committee includes the actions of the public body involved." The public's right to attend meetings of governing bodies is established pursuant to the above-cited statute. Said statute makes it clear in its enumeration of exceptions that executive sessions are permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee. The LeFlore County Memorial Hospital is supported in part by public funds, therefore, your question asking whether a governing body can hold a "closed" meeting involving a local physician appealing from a Board determination denying the physician a right to see patients in the hospital, ultimately involves the question of whether the physician's appeal is within the exceptions of 25 O.S. 201 [25-201] (1971). The relationship of a doctor in private practice to a county hospital board is stated in 19 O.S. 792 [19-792] (1971), which provides: "If a county hospital is operated by a board of control, it shall be the duty of said board of control to appoint annually at the first meeting in January none other than good, competent, trained, and skilled physicians and surgeons to the medical staff of the hospital, after acceptance by the executive committee of the medical staff. Admission of patients to the hospital shall be only upon recommendation of a member of the medical staff. The medical staff shall organize and adopt rules, regulations, or bylaws for their practice in such county hospital, however, rules, regulations, or bylaws shall not become effective until approved by the board of control and when so approved they shall be signed by each member of the medical staff." While a doctor in private practice may be subject to board action, the doctor is not an "employee" of the hospital or its board of control. It appears that the character of the relationship of a doctor in the private practice to a county hospital board of control is that of an "independent contractor" and not that of an "employee." The Oklahoma Supreme Court has distinguished between the terms of "independent contractor" and "employee" in several cases. In the case of Perma-Stone Oklahoma City Company v. Oklahoma Employment Security Commission,278 P.2d 543 (1954), the court in construing the Employment Security Act stated in Syllabus 3: "One who engages to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of service, except as to the result or product of the work is an independent contractor and not an employee under the provision of 40 O.S. 229 [40-229](f) (1951) (5)." In the case of Realty Mortgage and Sales Company v. Oklahoma Employment Security Commission, et al., 197 Okl. 308, 169 P.2d 761
(1945), the court construed the Unemployment Compensation Act and stated at page 746 of the opinion as follows: "Analysis of the statute convinces us that the intent of the legislature, in enacting the laws, was to protect from the evils of unemployment those persons occupying the status of employees, as that term is commonly understood, that is, 'persons who work for them for wages or salary."' See also Sears-McCullough Mtg Co. v. Oklahoma Employment Security Commission, 197 Okl. 458, 172 P.2d 613. Based on the definitions above-mentioned, it is clear that a doctor in private practice is not an "employee." It is also clear that a doctor in private practice is not a "public officer." See Guthrie Daily Leader v. Cameron, 3 Okl. 677,41 P. 635 (1895). It is therefore, the opinion of the Attorney General that your question must be answered in the negative in that the governing board of the LeFlore County Memorial Hospital cannot hold a private "closed" meeting to discuss the appeal from a local physician who has been denied the right to see patients in the hospital. Any such meeting must be an open meeting under the provisions of Section 201, supra. (Nathan J. Gigger)